0597

William F. WHEATLEY, Appellant, v. Jacqueline B. WHEATLEY, Respondent.

(339 S. E. (2d) 149)

Court of Appeals

*Belton E. Weeks, III* of North Augusta, *for appellant.*

*Vicki Johnson Snelgrove* and *B. Henderson Johnson, Jr.* of *Johnson, Johnson, Maxwell, Whittle & Snelgrove,* Aiken, *for respondent.*

Heard Nov. 19, 1985.

Decided Dec. 30, 1985.

*Per Curiam:*

Appellant William F. Wheatley brought this action against respondent Jacqueline B. Wheatley. In his complaint, Mr. Wheatley prayed (1) for a divorce from Mrs. Wheatley on the grounds of desertion for one year and adultery and one year separation; (2) for an equitable division of the marital property of the parties; (3) that Mrs. Wheatley be required to account for certain funds allegedly removed by her from the joint bank account of the parties; (4) that Mrs. Wheatley be required to account for certain personal property allegedly removed by her from the marital home and for any loss or damage to this property; (5) that Mrs. Wheatley be forever barred from receiving alimony; and (6) that Mrs. Wheatley be required to pay or contribute to the payment of his attorney's fees and costs.

Mrs. Wheatley answered and counterclaimed praying (1) for a divorce from Mr. Wheatley on the ground of one year separation; (2) for an equitable division of certain specified marital assets, including Mr. Wheatley's business; (3) that Mr. Wheatley be required to pay alimony and her medical bills; (4) that Mr. Wheatley be required to pay the costs of the action, including attorney's fees; and (5) that she be granted restoration of her maiden name. Mr. Wheatley replied to the counterclaim praying that it be dismissed.

Based on testimony and other evidence received at trial, the Family Court judge issued an order resolving all issues except the amount of attorney's fees to which Mrs. Wheatley is entitled and the amount of her equitable interest in Mr. Wheatley's business.[1] As to these issues, the judge ordered that the amount of attorney's fees to which Mrs. Wheatley is entitled and the amount of her equitable interest in Mr. Wheatley's business are "to be determined at a later hearing."

Mr. Wheatley appeals, presenting questions of whether the judge erred (1) in allowing certain testimony during the course of the trial; (2) in reserving Mrs. Wheatley's right to alimony instead of forever barring her from alimony; (3) in awarding Mrs. Wheatley an equitable interest in Mr. Wheatley's business and in ordering another hearing on the value of his business; and (4) in finding Mrs. Wheatley is entitled to attorney's fees.

We dismiss this appeal without prejudice because the orders appealed from do not "finally dispose of the whole subject matter in litigation." *See Bolding v. Bolding*, 283 S. C. 501, 502, 323 S. E. (2d) 535, 536 (Ct. App. 1984) (dismissed appeal of Family Court order which resolved issues of divorce, child custody and support, attorney's fees and equitable division of personal property, but reserved jurisdiction on the issue of equitable division of real property).

The Family Court should now promptly proceed to resolve the issues of the amount of attorney's fees to which Mrs. Wheatley is entitled and the amount of her equitable interest in Mr. Wheatley's business. After a final order is issued resolving these issues, Mr. Wheatley may appeal from that order as well as the prior orders of the trial judge, raising the same issues he attempts to raise in this appeal as well as

---

[1] Although the judge did not initially order anything with regard to the issue of alimony, his order does contain a finding that Mrs. Wheatley "is not presently being awarded alimony. However, her right to request and show cause as to why it should be awarded is reserved and she is not forever barred from alimony." In a supplementary order issued after the notice of intention to appeal by Mr. Wheatley, the judge specifically ordered that Mrs. Wheatley is not presently entitled to alimony, but her right to request alimony in the future is reserved and further ordered that his original order is interlocutory only on the issue of the equitable interest of Mrs. Wheatley in Mr. Wheatley's business.

any other issues which may be properly raised on appeal. Of course, Mrs. Wheatley may also appeal from these orders.

In the meantime, this appeal is

Dismissed without prejudice.